UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUCHUN CHANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLAGSTAR BANK FSB, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-05785-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: ECF No. 33 |

In this putative class action for claims under California's Unfair Competition Law and other California laws, Defendant Lexington Insurance moves under 28 U.S.C. § 1404(a) to transfer the action to the Central District of California. Defendant Flagstar Bank joined Lexington's motion, and Plaintiff Chang opposes the motion. As the motion is suitable for determination without oral argument, the hearing scheduled for April 3, 2014, is VACATED. For the reasons set forth below, the motion is GRANTED.[1]

**I.　BACKGROUND**

Plaintiff Chang brings this action under California's Unfair Competition Law and other California laws on behalf of himself and other customers of Flagstar for claims arising out of Flagstar's procurement of property insurance from Lexington pursuant to the mortgage agreements between Flagstar and the putative class members. Compl., ECF No. 1.

Chang alleges that he obtained a mortgage from Flagstar. Id. ¶ 34. In return, Chang agreed to keep the mortgaged property insured against certain hazards. Id. ¶ 36. When Chang's hazard insurance policy lapsed, Flagstar purchased hazard insurance from Lexington and billed

---

[1] Flagstar and Lexington each filed motions to dismiss, which are scheduled for a hearing on April 10, 2014. ECF No. 23, 27. Because the Court will grant Defendants' motion to transfer, the Court will not address Defendants' motions to dismiss.

1   Chang for the cost of that insurance. Id. ¶¶ 36-40. Chang alleges that Flagstar paid too much for

2   the insurance it purchased from Lexington in order to receive illegal kickbacks from Lexington.

3   Id. ¶ 37.

4         Chang originally filed the action in the Superior Court of Alameda County, but Flagstar

5   removed it on December 13, 2013, on the basis of diversity jurisdiction under 28 U.S.C. §

6   1332(d).

7         Defendants now move to transfer the action to the Central District of California on the

8   ground that this action has substantial connections to that district, as Chang and almost 60% of the

9   putative class members reside there; the property at issue is located there; the contracts at issue

10   were negotiated and executed there; and third-party witnesses, including the agent that executed

11   the contracts at issue, are located there. ECF No. 33. Defendants contend that the only connection

12   that this action has to this district is the fact that Chang's lawyers have offices in Mill Valley,

13   California. Id.

14         Chang opposes the motion, arguing that Defendants fail to make a strong showing that

15   transfer would be more convenient or that they would be prejudiced if the action remains in this

16   district.[2] ECF No. 40 at 2. Chang does not dispute that he resides in the Central District, that

17   nearly 60% of the properties belonging to the putative class members are in the Central District, or

18   that the events giving rise to this action took place in the Central District.

19   **II.   LEGAL STANDARD**

20         "For the convenience of parties and witnesses, in the interest of justice, a district court may

21   transfer any civil action to any other district or division where it might have been brought." 28

22   U.S.C. § 1404(a). If the action could have been brought in the transferee venue, the court then

23   must consider private factors relating to "the convenience of the parties and witnesses" and public

24   factors relating to "the interest of justice" in determining whether transfer is appropriate. See

---

[2] Chang separately filed objections to the evidence submitted by Defendants in support of their motion. See ECF No. 38. Because these objections do not comply with the local rules of this district, the Court does not consider these objections for any purpose. See Civil L.R. 7-3(a) ("Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum.").

2

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

## III.   DISCUSSION

### A.   Venue is Proper in the Central District

Transfer under 28 U.S.C § 1404(a) is appropriate only if the action could properly have been brought in the transferee venue. 28 U.S.C. § 1404(a). In diversity actions, venue is proper in the district where a defendant resides or where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

This action could have been filed in the Central District of California because all acts or omissions relevant to Chang's claims occurred in that district, and because Defendants are subject to service of process in that district based on the allegations of the complaint.

### B.   The Private and Public Factors Weigh in Favor of Transfer

#### 1.   Plaintiff's Choice of Forum

This factor weighs moderately against transfer.

"Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (internal citation omitted). Indeed, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." Id. (citation omitted).

Here, Chang's choice of forum is entitled to minimum deference because Chang brings this action on behalf of a class, and the operative facts did not occur in this district. The mortgage and other relevant contracts, including the insurance policy that Chang originally purchased, were negotiated and executed in the Central District; the property at issue is located in the Central District; and Chang and most of the putative class members are located in the Central District. Kharson Decl. ¶¶ 2, 6; Sandrock Decl. ¶ 3; O'Neill Decl. ¶¶ 9-11; Compl. ¶¶ 3, 34-40. Moreover, Chang has neither shown that this district has any nexus to the operative facts in this case nor identified a reason why transferring this case to the district in which he resides and in which his

claims arose would prove overly burdensome.[3]

### 2. Convenience of the Parties and Witnesses

The private factors that courts generally consider in determining motions to transfer include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Decker, 805 F.2d at 843 (citation and internal quotation marks omitted).

Here, all parties and third-party witnesses are located either in the Central District, or outside of the state. The Central District witnesses include Chang, and Chang's mortgage broker, closing agent, and insurance broker. Additionally, documents relevant to the claims at issue in this action are located in the Central District. Kharson Decl. ¶¶ 2, 6; Sandrock Decl. ¶ 3; O'Neill Decl. ¶¶ 9-11; Compl. ¶¶ 3, 34-40. Accordingly, this factor weighs in favor of transfer.

### 3. Interest of Justice

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." Decker, 805 F.2d at 843.

The Court concludes the balance of these factors weighs in favor of transfer. Defendants have shown that the Central District has a significant interest in this case relative to this district, as nearly 60% of the properties belonging to the putative class members are located in the Central District, whereas only 17% of them are located in this district. O'Neill Decl. ¶ 10. Except for the location of a minority of the putative class, this District has no connection to the facts of the case. Moreover, the Central District will be equally capable of determining Chang's claims as this

---

[3] That some of Chang's counsel are located in this district does not affect this conclusion. To the extent the Court has located any authority on the point, it holds that the location of counsel is not a relevant consideration in determining Defendants' motion. E.g., LightMed Corp. v. Ellex Med. Pty. Ltd., 13-CV-03933-WHO, 2013 WL 6512720 (N.D. Cal. Dec. 12, 2013) ("The only connection this action has to the Northern District is that LightMed's litigation counsel is based here; in other words, no connection at all.")

1  district given that the claims at issue in this action arise out of California law.

2  **IV.   CONCLUSION**

3  Defendants' motion to transfer this action to the Central District of California is

4  GRANTED.

5  **IT IS SO ORDERED.**

6  Dated: March 24, 2014

7  _____

8  JON S. TIGAR
United States District Judge